## S97Y1185, S97Y1186, S97Y1187, S97Y1188. IN THE MATTER OF ALAN ROBERT HEATH.

(490 SE2d 86)

PER CURIAM.

In these four disciplinary matters, the State Bar, following findings of probable cause by the Investigative Panel, personally served Respondent Alan Robert Heath with Notices of Discipline alleging violations of various professional standards in connection with his representation of four clients. Heath failed to file a Notice of Rejection in any of these cases, and is, accordingly, in default. Bar Rule 4-208.1 (b). Based on Heath's admissions by virtue of his default, and the pattern of Heath's neglect and abandonment of client matters as reflected in these cases, we order Heath disbarred from the practice of law in this State.

In each of these cases Heath agreed to handle the client's case, did not perform work for the client, did not respond to the client's queries about the status of the client's case, did not return the client's file or Heath's unearned fee on the client's request, and moved his office without leaving a forwarding address. In addition, Heath failed to file a response to the Notice of Investigation in each case as required by Bar Rule 4-204.3.

We agree with the State Bar that Heath's conduct in these cases violated the following professional standards of Bar Rule 4-102 (d): 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 5 (false or misleading communications); 21 (failure to withdraw from employment on discharge by client); 22 (failure to properly withdraw from employment); 23 (failure on withdrawal

from employment to promptly refund unearned fees); 44 (wilful abandonment or disregard of a client's legal matter); 45 (making false statements or otherwise engaging in illegal conduct or conduct in violation of disciplinary rules in the representation of a client); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules).[1] We also agree that the following aggravating circumstances are present in these cases, warranting increased discipline: Heath's pattern of misconduct and multiple offenses; Heath's failure to comply with the rules of the disciplinary authorities; and Heath's substantial experience in the practice of law. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (c), (d), (e), and (I).

Accordingly, Alan Robert Heath is disbarred from the practice of law in this State. He is reminded of his duties under Bar Rule 4-219 (c) (1) and (2).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*William P. Smith III, General Counsel State Bar, Elizabeth W. Morn, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[1] In these Notices of Discipline, the State Bar also alleged Heath violated the following Standards of Bar Rule 4-102 (d): 61 (failure to promptly notify a client of the receipt of client funds or property and to promptly deliver the funds or property to the client); 63 (failure to maintain complete records of client); and 65 (commingling client funds with those of the lawyer). However, because the State Bar did not allege facts which would support a finding that Heath violated any of the foregoing Standards, we cannot conclude he did so. See Bar Rule 4-208.2 (a) (2).